IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Williams, ) | C/A No. 0:14-4863-JMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Andrew Mansukhani, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Edwin Williams, a self-represented federal prisoner confined at FCI Estill, filed an action seeking habeas corpus relief under 28 U.S.C. § 2241. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion to dismiss or, in the alternative, for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Williams was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 15.) Williams filed a response in opposition (ECF No. 18), to which the respondent filed a reply (ECF No. 19) and Williams filed a sur-reply (ECF No. 20).¹ Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

**BACKGROUND**

Williams was sentenced in the United States District Court for the Southern District of Georgia on February 5, 2004 by the Honorable B. Avant Edenfield, United States District Judge. (Pet., ECF No. 1 at 1.) Williams cites to the docket in his criminal case, which reflects that Williams

---

¹ The Local Rules make no provision for sur-replies.

Page 1 of 10



was convicted of six counts of commercial business robbery in violation of 18 U.S.C. § 1951 and sentenced to 262 months' imprisonment for each count to be served concurrently, with an assessment of $600.00 and restitution in the amount of $516,807.61.  (Id. at 2; see also United States v. Williams, C/A No. 4:03-cr-253-BAE (S.D. Ga. Feb. 5, 2004), aff'd, 408 F.3d 745 (4th Cir. 2005)).[2]  Williams alleges that the sentencing judge ordered Williams to "pay $25.00 a month towards restitution while [imprisoned]," but the Bureau of Prisons ("BOP") is instead collecting "$144.00 per quarter."  (Id.)  Williams asserts that the " 'oral pronouncement' by Judge Edenfield at sentencing was very clear . . . and the BOP does not have the authority to change that."  (Id. at 3, 7; see also Sentencing Hearing Transcript, ECF No. 1-1 at 10-11.)  Williams asks this court to order the BOP "to only collect $25.00 a month towards my restitution as ordered at my sentencing."  (Id. at 8.)

## DISCUSSION

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the pleading fails to state facts upon which jurisdiction can be founded.  It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

---

[2] See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (holding that a court may "properly take judicial notice of matters of public record").



Further, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the petition or complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the respondent or defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the petition or complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.



See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

 B.    **Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5.

A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Rice, 617 F.3d at 807.³

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). As the United States Supreme Court has noted, actual innocence "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

---

³ It is unclear whether Williams has sought relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted).



**C.     Discussion**

The respondent concedes that Williams's allegation that the BOP is collecting restitution in excess of the amount ordered by the court constitutes a sentence execution challenge cognizable under § 2241.  (Respt's Mem. Supp. Mot., ECF No. 14 at 3.)  The respondent further concedes that Williams exhausted his administrative remedies for such a claim.  (Id. at 4.)  However, the respondent argues that Williams's restitution payments "reflect the language of the [Judgment and Commitment Order ("J&C")] and the intent of the Sentencing Court" and have been calculated in accordance with the Inmate Financial Responsibility Program ("IFRP").  (Id. at 9; see also IFRP Report, ECF No. 14-6 at 1-2.)  In support of the instant motion, the respondent provides Williams's "Motion to Clarify Order of Schedule of Payments," filed in the sentencing court in May 2013.  (ECF No. 14-4 at 1-2.)  Williams's motion for clarification asserts that the schedule of payments in the J&C is ambiguous and "does not mirror" the restitution schedule ordered at the sentencing hearing.  (Id.)  Williams's motion claims that Judge Edenfield orally ordered the payment of twenty-five dollars in restitution per month and seeks an order from the sentencing court "reflecting [the sentencing court's] directive of scheduled payments for fines and restitutions as explained at sentencing."  (Id. at 2.)  The sentencing judge denied Williams's motion seeking clarification of the schedule of payments.  (Order, ECF No. 14-5 at 1.)

In his response in opposition to the defendant's motion, Williams states that he does not challenge the constitutionality of the IFRP.  (Petr.'s Resp. Opp'n, ECF No. 18 at 3.)  Instead, Williams continues to assert a challenge to the BOP's increase in his quarterly restitution payments "from the amount ordered by the Court."  (Id. at 2.)  Williams bases this challenge on the alleged discrepancy "between the oral pronouncement of sentence and the written judgment" and continues



to assert that Judge Edenfield orally ordered Williams to pay only twenty-five dollars per month in restitution, while the J&C entered in Williams's criminal case directs him to pay "nominal payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR."  (Id. at 1-2; see also Sentencing Hearing Transcript, ECF No. 1-1 at 10-11; Judgment, ECF No. 14-3 at 3.)  In his sur-reply, Williams further argues that the BOP "is enforcing an erroneous judgment which the sentencing court refused to correct."  (Petr.'s Sur-Reply, ECF No. 20 at 2.)  As support for his argument, Williams cites cases holding that, where there is a conflict between a district court's written judgment and oral pronouncement of the sentence, the oral sentence controls.  (Petr.'s Resp. Opp'n, ECF No. 18 at 4, citing United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003)).  The respondent "agrees with Petitioner and the case law on this point," but contends that a petitioner's remedy for curing such a discrepancy lies in a petition to the sentencing court for clarification.  (Respt.'s Reply, ECF No. 19 at 2.)  As noted by the respondent, Williams has already filed a motion seeking clarification of his restitution schedule, which the sentencing judge denied.  (Id.)  Thus, the respondent reasserts that the instant Petition should be denied and the motion to dismiss or, in the alternative, for summary judgment granted.  (Id.)  The court agrees.

  As discussed above, controlling law holds that petitioners cannot use the savings clause to challenge their sentences.  See Poole, 531 F.3d at 267 n.7.  Moreover, Williams provides no factual allegations to plausibly suggest that the conduct for which he was convicted and sentenced has been deemed non-criminal by any substantive law change since his direct appeal.  Thus, the court finds that Williams cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241 to challenge the discrepancy between his restitution sentence as ordered orally and in writing.  See



In re Jones, 226 F.3d at 333-34; see also United States v. Williams, C/A No. 2:08CV381, 2009 WL 77895, at *3 (E.D. Va. Jan. 9, 2009) (accepting Report and Recommendation finding § 2241 claims based on an alleged discrepancy between the oral and written pronouncements of a sentence "constitute an attack upon [the] sentence . . . , not on the execution of the sentence" and fall "within the scope of § 2255"). Accordingly, the court concludes that it lacks jurisdiction under § 2241 to consider Williams's challenge to the restitution portion of his sentence.

Further, even if the instant Petition were construed as a challenge to the execution or implementation of Williams's sentence, which could be a cognizable claim under § 2241, see Fontanez v. O'Brien, No. 14-7607, 2015 WL 7753142 (4th Cir. Dec. 2, 2015) (holding that "an inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under § 2241");[4] United States v. Gripper, 224 F. App'x 219, 220 (4th Cir. 2007) (holding that a challenge to the implementation of the restitution portion of a sentence is properly brought pursuant to § 2241), the court finds that Williams has failed to provide admissible evidence to refute the respondent's showing that the BOP calculated and collected Williams's restitution payments as ordered by the sentencing court. Moreover, the court observes that Williams availed himself of the opportunity to challenge the alleged discrepancy before the sentencing court and lost. Accordingly, whether Williams's Petition is construed as an attempt to challenge the restitution portion of his sentence or an attempt to challenge the execution of his sentence in regard

---

[4] The court notes that the petitioner in Fontanez did not seek to have his sentencing order set aside. Fontanez, 2015 WL 7753142 at *2. In contrast, the instant Petition essentially seeks an order to set aside the sentencing judge's order as written in the J&C and instead direct the BOP to collect restitution payments as ordered at sentencing. (Pet., ECF No. 1 at 8.)



to the BOP's calculation and collection of restitution payments, the respondent's motion should be granted.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion to dismiss or, in the alternative, for summary judgment be granted. (ECF No. 14.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 11, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).